## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

IN RE:
MICHAEL JAMES RAWLINGS, JR. AND
KATIE HUFFMAN RAWLINGS

BCN#: 24-61217
Chapter: 7

_____Debtors_____

U.S. Bank Trust Company, National
Association, as trustee, as successor-in-
interest to U.S. Bank National Association,
as Trustee for Residential Asset Mortgage
Products, Inc., Mortgage Asset-Backed
Pass-Through Certificates, Series 2005-
EFC4
or present noteholder,

MOTION FOR ORDER GRANTING RELIEF
FROM AUTOMATIC STAY

    Movant/Secured Creditor,
v.
MICHAEL JAMES RAWLINGS, JR. AND
KATIE HUFFMAN RAWLINGS
    Debtors
and
ANDREW S. GOLDSTEIN(68)
    Trustee
    Respondents

U.S. Bank Trust Company, National Association, as trustee, as successor-in-interest to U.S.

Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage

Asset-Backed Pass-Through Certificates, Series 2005-EFC4, and/or present noteholder, (Movant

herein), alleges as follows:

       1.    The Bankruptcy Court has jurisdiction over this contested matter pursuant to 28

U.S.C. §157 and §1334; 11 U.S.C. §362; and Federal Rule of Bankruptcy Procedure 9014.

William M. Savage, Esquire
VSB #26155
Gregory N. Britto, Esquire
VSB #23746
Bryce Robertson, Esquire
VSB #86008
LOGS Legal Group LLP
Mailing Address
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216
(703) 449-5800  24-297754

2.      The above named Debtors filed a Chapter 13 Petition in Bankruptcy with this Court on October 31, 2024 and it converted to a Chapter 7 on February 13, 2025.

3.      Andrew S. Goldstein(68), has been appointed by this Court as the Chapter 7 Trustee in this instant Bankruptcy proceeding.

4.      Movant is the current payee of a promissory note secured by a deed of trust upon a parcel of real property with the address of 76 Southridge Drive, Ruckersville, VA 22968 and more particularly described in the Deed of Trust dated August 1, 2005 and recorded as Deed Instrument Number 0503394, among the land records of the said city/county, as:

> ALL that certain lot or parcel of land, with improvements thereon and appurtenances thereto, situated in Greene County, Virginia, shown as Lot 29, Southridge Subdivision on plat by Roger W. Ray & Associates, Inc. dated March 24, 2004, and recorded in the Clerk's Office of the Circuit Court of Greene County, Virginia on Plat Cards 3432 through 3434.
>
> BEING a portion of the property conveyed to Liberty Homes, Inc., a Virginia corporation, by deed of Southern Property LLC, a Virginia limited liability company, t/a Southern Development, dated July 24, 2004, recorded August 3, 2004, in the Clerk's Office of the Circuit Court of Greene County, Virginia, in Deed Book 858, page 303.

5.      Movant is informed and believes and, based upon such information and belief, alleges that title to the subject Property is currently vested in the name of the Debtors.

6.      The Debtors are in default with regard to payments which have become due under the terms of the aforementioned note and deed of trust.  As of February 24, 2025, the Debtors are due for:

- o    3 monthly payments from December 2024 through February 2025 of $1,313.35 each which were to be paid directly to Movant;
- o    Bankruptcy Fees of                $1,225.00
- o    Bankruptcy Costs of              $199.00
- o    Late Charges of                  $849.44
- o    Recoverable Balance of          $7,257.06

7.      As of February 24, 2025, the total unpaid principal balance is $235,852.61 which includes the unpaid principal balance of $213,636.03 and deferred principal balance of $22,216.58.

8.      That as of February 24, 2025, the total amount of indebtedness owed by the Debtor to the Movant is approximately $255,619.50.

9.      Movant has elected to initiate foreclosure proceedings on the Property with respect to the subject Trust Deed but is prevented by the Automatic Stay from going forward with these proceedings.

10.     Continuation of the automatic stay of 11 U.S.C. § 362(a) will work real and irreparable harm and deprive the Movant of the adequate protection to which it is entitled under 11 U.S.C. § 362 due to the aforementioned facts.

WHEREFORE, Movant prays for an order granting relief from Automatic Stay, that the 14 day waiting period imposed by F.R.B.P. 4001(a)(3) be waived in this instant bankruptcy proceeding only, and for such other relief as the court may deem meet and proper.

Dated: March 7, 2025

LOGS Legal Group LLP
Attorneys for Movant

By: _/s/ Bryce Robertson_____
William M. Savage, Esquire
VSB #26155
Gregory N. Britto, Esquire
VSB #23746
Bryce Robertson, Esquire
VSB #86008
LOGS LEGAL GROUP LLP
Mailing Address
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216
(703) 449-5800
logsecf@logs.com      24-297754

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2025, the following person(s) were served a copy of the foregoing in the manner described below:

Via CM/ECF Electronic Notice:

Steven Shareff                                                    Debtor's Attorney
P.O. Box 729
Louisa, VA 23093


Andrew S. Goldstein(68)                                          Chapter 7 Trustee
PO Box 404
Roanoke, VA 24003


Via First Class Mail, Postage Prepaid:

Michael James Rawlings, Jr.                                      Debtor(s)
76 Southridge Dr
Ruckersville, VA 22968

Katie Huffman Rawlings
76 Southridge Dr
Ruckersville, VA 22968


    /s/ Bryce Robertson
_____
William M. Savage, Esquire
VSB #26155
Gregory N. Britto, Esquire
VSB #23746
Bryce Robertson, Esquire
VSB #86008
LOGS LEGAL GROUP LLP
Mailing Address
10130 Perimeter Parkway, Suite 400
Charlotte, North Carolina 28216
(703) 449-5800
logsecf@logs.com      24-297754


William M. Savage, Esquire
VSB #26155
Gregory N. Britto, Esquire
VSB #23746
Bryce Robertson, Esquire
VSB #86008
LOGS Legal Group LLP
Mailing Address
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216
(703) 449-5800  24-297754

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG

IN RE:                                           BCN#: 24-61217
MICHAEL JAMES RAWLINGS, JR. AND     Chapter: 7
KATIE HUFFMAN RAWLINGS

_____Debtors_____
U.S. Bank Trust Company, National
Association, as trustee, as successor-in-
interest to U.S. Bank National Association,
as Trustee for Residential Asset Mortgage
Products, Inc., Mortgage Asset-Backed
Pass-Through Certificates, Series 2005-
EFC4
or present noteholder,

          Movant/Secured Creditor,
v.
MICHAEL JAMES RAWLINGS, JR. AND
KATIE HUFFMAN RAWLINGS
          Debtors
and
ANDREW S. GOLDSTEIN(68)
          Trustee
          Respondents

NOTICE IS HEREBY GIVEN THAT:

A hearing upon the captioned motion will be held at <u>10:00am</u> on  <u>April 9, 2025   </u>, by video
conference via Zoom.

Meeting ID:  <u>160 369 2643</u>

URL:  <u>https://vawb-uscourts-gov.zoomgov.com/j/1603692643</u>

William M. Savage, Esquire
VSB #26155
Gregory N. Britto, Esquire
VSB #23746
Bryce Robertson, Esquire
VSB #86008
LOGS Legal Group LLP
Mailing Address
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216
(703) 449-5800  24-297754

I certify that I have this 7th day of March, 2025, electronically transmitted and/or mailed by first class mail, postage pre-paid, a true copy of the foregoing Notice to the following:

Steven Shareff
P.O. Box 729
Louisa, VA 23093

Andrew S. Goldstein(68)
PO Box 404
Roanoke, VA 24003

Michael James Rawlings, Jr.
76 Southridge Dr
Ruckersville, VA 22968

Katie Huffman Rawlings
76 Southridge Dr
Ruckersville, VA 22968

/s/ Bryce Robertson
William M. Savage, Esquire
VSB #26155
Gregory N. Britto, Esquire
VSB #23746
Bryce Robertson, Esquire
VSB #86008

# EXHIBIT

## 1

3394

Return To:
EquiFirst Corporation
500 Forest Point Circle
Charlotte, NC 28273
Prepared By:
Jamie Chanthaboury
500 Forest Point Circle
Charlotte, NC 28273

Tax Map Reference #: 650-A-29
RPC/Parcel ID #:

——————[Space Above This Line For Recording Data]——————

# DEED OF TRUST
MIN ████████

The following information, as further defined below, is provided in accordance with Virginia law:

This Deed of Trust is given by **Michael J Rawlings and Katie Rawlings**

Borrower (trustor), to **Piedmont Title LLC**
**1700 Seminole Trail Ste 3, Charlottesville, VA 22901**

Trustee, for the benefit of Mortgage Electronic Registration Systems, Inc. as beneficiary.

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

████████ VIRGINIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS          Form 3047  1/01

VMP®-6A(VA) (0102).01
Page 1 of 16          Initials: MR KR
VMP MORTGAGE FORMS - (800)521-7291

BOOK 947 PAGE 157

(A) "Security Instrument" means this document, which is dated August 1, 2005
together with all Riders to this document.

(B) "Borrower" is Michael J Rawlings and Katie Rawlings

Borrower is the trustor under this Security Instrument.

(C) "Lender" is EquiFirst Corporation

Lender is a Corporation
organized and existing under the laws of North Carolina
Lender's address is 500 Forest Point Circle, Charlotte, NC 28273

(D) "Trustee" is Piedmont Title LLC

Trustee (whether one or more persons) is a Virginia resident and/or a United States- or Virginia-chartered
corporation whose principal office is located in Virginia. Trustee's address is
1700 Seminole Trail Ste 3, Charlottesville, VA 22901
"Trustee" is Piedmont Title LLC

Trustee (whether one or more persons) is a Virginia resident and/or a United States- or Virginia-chartered
corporation whose principal office is located in Virginia. Trustee's address is
1700 Seminole Trail Ste 3, Charlottesville, VA 22901

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is
acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary
under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an
address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated August 1, 2005
The Note states that Borrower owes Lender two hundred seventy-four thousand four
hundred eighty-eight and 00/100                                    Dollars
(U.S. $274,488.00         ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than August 1, 2035          . The interest rate
stated in the Note is 5.990
                                    percent (        5.990 %).
If this Security Instrument is an adjustable rate mortgage loan, this initial rate is subject to change in
accordance with the attached Adjustable Rate Rider.

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."

-6A(VA) (0102).01                    Page 2 of 18         Initials: _____         Form 3047   1/01

BOOK 947 PAGE 158

**(H)** "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(I)** "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [X] Other(s) [specify] |

ARM Floor/ Prepay/ Interest
Only Rider

**(J)** "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(K)** "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(L)** "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M)** "Escrow Items" means those items that are described in Section 3.

**(N)** "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O)** "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P)** "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q)** "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R)** "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

-6A(VA) (0102).01                    Page 9 of 15                    Initials: _____    Form 3047    1/01

**TRANSFER OF RIGHTS IN THE PROPERTY**

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County                    [Type of Recording Jurisdiction]
of Greene                                              [Name of Recording Jurisdiction]:
See Attached Exhibit A

which currently has the address of 76 Southridge Drive
                                                                        [Street]
Ruckersville/Greene                     [City/County], Virginia 22968          [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS: Borrower and Lender covenant and agree as follows:
1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S.

Page 4 of 16          Initials: _____          Form 3047  1/01

BOOK 947 PAGE 160

currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such

-6A(VA) (0102).01    Page 6 of 18    Initials: _____    Form 3047 · 1/01

amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the

-6A(VA) (0102).01                    Page 6 of 15                    Initials: _MdK_                    Form 3047  1/01

payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or

-6A(VA) (0102).01                          Page 7 of 18          Initials: _____          Form 3047   1/01

condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. Borrower's Loan Application. Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage

-6A(VA) (0102).01                        Page 8 of 18        Initials: _____        Form 3047  1/01

Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

-6A(VA) (0102).01                          Page 9 of 18        Initials: _____        Form 3047   1/01

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the

-6A(VA) (0103).01          Page 10 of 15          Initials: _____          Form 3047  1/01

permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. Governing Law; Severability; Rules of Construction. This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. Borrower's Copy. Borrower shall be given one copy of the Note and of this Security Instrument.

18. Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of

-6A(VA) (0102).01                    Page 11 of 16            Initials: _____        Form 3047 1/01

Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

-6A(VA) (0102).01          Page 12 of 15          Initials: _____          Form 3047  1/01

BOOK 947 PAGE 168

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender or Trustee shall give to Borrower, the owner of the Property, and all other persons, notice of sale as required by Applicable Law. Trustee shall give public notice of sale by advertising, in accordance with Applicable Law, once a week for two successive weeks in a newspaper having general circulation in the county or city in which any part of the Property is located, and by such additional or any different form of advertisement the Trustee deems advisable. Trustee may sell the Property on the eighth day after the first advertisement or any day thereafter, but not later than 30 days following the last advertisement. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by advertising in accordance with Applicable Law. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property with special warranty of title. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to discharge the expenses of executing the trust, including a reasonable commission to Trustee; (b) to discharge all taxes, levies, and assessment, with costs and interest if these costs have priority over the lien of this Security Instrument, including the due pro rata thereof for the current year; (c) to discharge in the order of their priority, if any, the remaining debts and obligations secured by this Security Instrument, and any liens of record inferior to this Security Instrument under which sale is made, with lawful interest; and, (d) the residue of the proceeds shall be paid to Borrower or Borrower's assigns. Trustee shall not be required to take possession of the Property prior to the sale thereof or to deliver possession of the Property to the purchaser at the sale.

-6A(VA) (0102).01                    Page 18 of 18        Initials:         Form 3047  1/01

**23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to release this Security Instrument and shall surrender all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. Substitute Trustee.** Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

**NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____     _____ (Seal)
                                     Michael J Rawlings            -Borrower

_____     _____ (Seal)
                                     Katie Rawlings                -Borrower

_____(Seal)        _____(Seal)
              -Borrower                            -Borrower

_____(Seal)        _____(Seal)
              -Borrower                            -Borrower

_____(Seal)        _____(Seal)
              -Borrower                            -Borrower



-6A(VA) (0102).01              Page 14 of 18              Form 3047  1/01

BOOK  947 PAGE 170

STATE OF VIRGINIA, _Virginia_ County, ss:

The foregoing instrument was acknowledged before me this _August 1  2005_ by
Michael J Rawlings & Katie Rawlings

My Commission Expires: _9-30·2007_

Notary Public

-6A(VA) (0102).01                    Page 18 of 18        Initials:_____        Form 3047   1/01

BOOK 947 PAGE 171

## ADJUSTABLE RATE RIDER to Security Instrument

### (LIBOR 6 Month Index - As Published in *The Wall Street Journal* - Rate Caps)

### (To Be Recorded Together with Security Instrument)

THIS ADJUSTABLE RATE RIDER is made this   1st day of August , 2005   and incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to EquiFirst Corporation (the "Lender") of the same date and covering the property described in the Security Instrument and located at:

76 Southridge Drive, Ruckersville, VA  22968

(property address)

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM AND MINIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.**

In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

### A. INTEREST RATE AND MONTHLY PAYMENT CHANGES

The Note provides for an initial interest rate of  5.990 % .  The Note provides for changes in the interest rate  and the monthly payment as follows:

#### (A) Change Dates

The interest rate I will pay may change on  August 1, 2007  and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date".

#### (B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index.  The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*.  The most recent Index figure available as of the first business day of the month immediately preceding the month is which the Change Date occurs is the "Current Index."
If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

#### (C) Calculation of Changes

Before each Change Date, The Note Holder will calculate my new interest rate by adding 4.280 percentage points (4.280 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my interest rate until the next Change Date.
The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

#### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 8.990% or less than 5.990% .  Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point(s) (1.00%) the rate of interest I have been paying for the preceding six months.  My interest rate will never be greater than 11.990 % or less than the initial interest rate provided for in Section 2 of this Note.

EF0611 (05/02)                    Page 1 of 2

BOOK  947  PAGE 172

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my new interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

Uniform Covenant 17 of the Security Instrument is amended to read as follows:

**Transfer of Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person), without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in the Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**BY SIGNING BELOW,** Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

Michael J Rawlings

Katie Rawlings

Page 2 of 2

BOOK **947** PAGE **173**

## ADJUSTABLE RATE  INTEREST RATE FLOOR &
## PREPAYMENT PENALTY Rider to Security Instrument
### (To Be Recorded Together with Security Instrument)

This ADJUSTABLE INTEREST RATE FLOOR & PREPAYMENT PENALTY RIDER (the "Rider") is made this 1st day of August, 2005, and amends the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") dated the same date and given by the person(s) who signs below (the "Borrower(s)") to EquiFirst Corporation (the "Lender") to secure prepayment of a Note in the amount of U.S. $ 274,488.00.

In addition to the agreements and provisions made in the Note and the Security Instrument, and notwithstanding any provisions to the contrary contained in said Note or the Security Instrument, both the Borrower(s) and the Lender further agree as follows

### ADJUSTABLE INTEREST RATE FLOOR

This loan has an Interest Rate "Floor" which will limit the amount the Interest Rate can decrease.  Regardless of any changes in the index, the Interest Rate during the term of this loan will never be less than the initial Interest Rate provided for in Section 2 of the Note.

### PREPAYMENT PENALTY

If I prepay this loan in full within  2 year(s) from the date of this loan, I agree to pay a prepayment penalty in an amount equal to 2.00% of the balance of the loan outstanding on the date of prepayment. This amount, known as a prepayment penalty, will be in addition to any other amounts I may owe under the provisions of the Note or the Security Instrument that secures the Note.  If I make a prepayment in full on or after the 2nd anniversary date of the Note, the Note Holder will impose no prepayment penalty.

_____          _____
Michael J Rawlings                                        Katie Rawlings

_____          _____

BOOK 947 PAGE 174

## INTEREST ONLY PAYMENT PERIOD RIDER
## ADJUSTABLE RATE MORTGAGE

THIS RIDER TO THE SECURITY INSTRUMENT PROVIDES FOR AN INITIAL PERIOD OF MONTHLY PAYMENTS OF
INTEREST ONLY AND FOR SUBSEQUENT MONTHLY PAYMENTS OF BOTH PRINCIPAL AND INTEREST.

THIS INTEREST ONLY RIDER is made this 1st day of August , 2005, and is incorporated into and shall
be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument")
of the same date given by the undersigned (the "Borrower") to secure Borrower's Note (the "Note") to
EquiFirst Corporation (the "Lender"), of the same date and covering the property described in the Security
Instrument located at:

**76 Southridge Drive, Ruckersville, VA 22968**
(Property Address)

ADDITIONAL COVENANTS:  In addition to the covenants and agreements made in the Security Instrument,
Borrower and Lender further covenant and agree as follows:

I.    Section 3 and 4 of the Note are modified to provide for sixty (60) monthly payments of interest only
("Interest Only Period") at the interest rate determined in accordance with Sections 2 and 4 of the Note.  Sections
3 and 4 of the Note are modified as follows:

### 3. PAYMENTS
(A) Time and Place of Payments
I will pay interest during the Interest Only Period, and principal and interest thereafter during the
Amortization Period, by making a payment every month.

Interest Only Period:  The "Interest Only Period" is the period from the date of the Note through
08/01/2010.

Amortization Period:  The "Amortization Period" is the period after the Interest Only Period and
continuing until the Maturity Date.

I will make my monthly payments on the 1st day of each month beginning on September 1, 2005.
I will make these payments every month until I have paid all of the principal and interest and any other
charges described below that I may owe under this Note. Each monthly payment will be applied as of its
scheduled due date and will be applied to scheduled interest and principal. If on  August 1, 2035,  I still
owe amounts under the Note, I will pay those amounts in full on that date, which is called the "Maturity
Date."

I will make my monthly payments at
EquiFirst Corporation , 500 Forest Point Circle , Charlotte, NC 28273
or at a different place if required by the Note Holder.

(B) Amount of My Interest Only Payments
The first 24 monthly payments will be in the full amount of U.S. $ 1,370.16, which equals one
twelfth (1/12th) of the amount of yearly interest due on the principal at the time the loan was made.
These payments are called the "Interest Only Payments".  No payments of principal are due during the
Interest Only Period.  The Interest Only Payments will not reduce the principal amount of the Note.
Additional Payments of principal may be made in accordance with the provisions of the Note.

(C) Monthly Payment Changes
During the Interest Only Period, changes in my monthly payment will reflect changes in the
interest rate that I must pay.   During the Amortization Period, changes in my monthly payment will
reflect changes in the unpaid principal of my loan and in the interest rate that I must pay.  The Note
Holder will determine my new interest rate and the changed amount of my monthly  payment in
accordance with Section 4 of the Note.

EF9701 (3/05)

Page 1 of 2

BOOK  947 PAGE 175

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates
The interest rate I will pay may change on August 1, 2007, and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

### (B) The Index
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal.* The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index".

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding 4.280 percentage points ( 4.280 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

For the Interest Only Period, after calculating my new interest rate as provided above, the Note Holder will then calculate the amount of the monthly payment to be one-twelfth (1/12th) of one (1) year's interest at the new interest rate. The result of this calculation will be the new amount of my monthly payment until the next Interest Rate Change Date.

During the Amortization Period, after calculating my new interest rate as provided above, the Note Holder will then calculate the amount of the monthly payment that would be sufficient to fully repay the remaining unpaid principal in substantially equal monthly payments by the Maturity Date, assuming, for purposes of each calculation, that the interest rate remained unchanged during that period.  The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes
The interest rate I am required to pay at the first Change Date will not be greater than **8.990%** or less than **5.990 %** .  Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.000%)  from the rate of interest I have been paying for the preceding six months.  My interest rate will never be greater than **11.990%**  or less than the initial interest rate provided for in Section 2 of this Note.

### (E) Effective Date of Changes
My new interest rate will become effective on each Change Date.  I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes
The Note Holder will deliver or mail to me a notice of any changes in my Interest Rate and the amount of my monthly payment before the effective date of any changes.  The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**II.**   All other provisions of the Security Instrument and any Rider are unchanged by this Rider to the Security Instrument for Interest Only Payments and remain in full force and effect.
**I understand that for the Interest Only Period I will not be reducing the principal balance.  After Five (5) years if I only made my minimum payment, my principal balance will not be reduced.**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and conditions contained in this Interest Only Payment Period Rider.

_____          _____
Michael J Rawlings                                            Katie Rawlings

_____          _____

_____          _____

Page 2 of 2

## EXHIBIT A - LEGAL DESCRIPTION

ALL that certain lot or parcel of land, with improvements thereon and appurtenances thereto, situated in Greene County, Virginia, shown as Lot 29, Southridge Subdivision on plat by Roger W. Ray & Associates, Inc dated March 24, 2004, and recorded in the Clerk's Office of the Circuit Court of Greene County, Virginia on Plat Cards 3432 through 3434.

BEING a portion of the property conveyed to Liberty Homes, Inc., a Virginia corporation, by deed of Southern Property LLC, a Virginia limited liability company, t/a Southern Development, dated July 24, 2004, recorded August 3, 2004, in the Clerk's Office of the Circuit Court of Greene County, Virginia, in Deed Book 858, page 303.

```
INSTRUMENT #0503394
RECORDED IN THE CLERK'S OFFICE OF
            GREENE ON
   AUGUST   2, 2005 AT 03:46PM
   MARIE C. DURRER, CLERK
       Susau B. Raukin Dep.
       RECORDED BY: SBR
```

BOOK 947 PAGE 177

992

When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

## Assignment of Deed of Trust

Dated: March 26, 2013                                                    MIN ███████

MERS Phone: 888-679-6377

For value received **Mortgage Electronic Registration Systems, Inc., as nominee for EquiFirst Corporation, its successors and assigns**, P.O. Box 2026, Flint, MI 48501-2026, the undersigned hereby grants, assigns and transfers to **U.S. Bank National Association, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-EFC4, In C/O Ocwen Loan Servicing, LLC, 1100 Virginia Drive, Fort Washington, PA 19034**, all its rights and interest under a certain Deed of Trust dated **August 1, 2005** executed by **MICHAEL J RAWLINGS AND KATIE RAWLINGS** and recorded in Book **947** on Page(s) **157** as Document Number **0503394** on **August 2, 2005 in the office of the County Clerk of Greene County, Virginia.**
MORTGAGE AMOUNT: **$274,488.00**

Tax ID #: **65D-A-29**

Mortgage Electronic Registration Systems, Inc., as
nominee for EquiFirst Corporation, its successors
and assigns

By: _____

**Mary Hall,**
**Assistant Secretary**

STATE OF **Minnesota**          )

COUNTY   **Ramsey**          ) SS

On **March 26, 2013** before me, **Lisa M Spurbeck** , Notary Public in and for said State personally appeared **Mary Hall** , **Assistant Secretary** of Mortgage Electronic Registration Systems, Inc., personally known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that s/he executed the same in his/her authorized capacity, and that by his/her signature on the instrument the entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

Instrument Prepared By:
Matt Marsh
2925 Country Drive
St. Paul, MN 55117



**Lisa M Spurbeck, Notary Public**
My Commission expires: **January 31, 2018**

LISA M. SPURBECK
Notary Public-Minnesota
My Commission Expires Jan 31, 2018

Doc ID:   000296320001 Type: DEE
Kind: ASSIGNMENT
Recorded: 04/01/2013 at 03:30:00 PM
Page 1 of 1
Greene Co VA Circuit Court
Marie Durrer - Clerk
Book 1396 Page 258
File **2013-00000992**

INSTRUMENT #1300992
RECORDED IN THE CLERK'S OFFICE OF
GREENE ON
APRIL 1, 2013 AT 03:30PM
Susan E. Berry Dep.
MARIE C. DURRER, CLERK
RECORDED BY: SEB

**Loan Number** █████████

Tax Map Number: 65D-A-29

## NOTICE OF CORPORATE ASSIGNMENT OF DEED OF TRUST

**FOR GOOD AND VALUABLE CONSIDERATION**, the sufficiency of which is hereby acknowledged, the undersigned, **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-EFC4, WHOSE ADDRESS IS C/O PHH MORTGAGE CORPORATION, 5720 PREMIER PARK DRIVE, WEST PALM BEACH, FL 33407, (ASSIGNOR)**, by these presents does convey, grant, assign, transfer and set over the described Deed of Trust with all interest secured thereby, all liens, and any rights due or to become due thereon to **U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-EFC4, WHOSE ADDRESS IS C/O PHH MORTGAGE CORPORATION, 5720 PREMIER PARK DRIVE, WEST PALM BEACH, FL 33407, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)**.

Said Deed of Trust dated 08/01/2005 made by michael j RAWLINGS and katie RAWLINGS to PIEDMONT TITLE LLC, trustee, and recorded in <u>**Book 947, Page 157 and File # 0503394**</u> in the amount of $274,488.00 in the office of the Recorder of (Town/City) City of COUNTY OF GREENE, , County of <u>**GREENE**</u>, <u>**VIRGINIA**</u>.

Property is commonly known as: 76 SOUTHRIDGE DRIVE, COUNTY OF GREENE, VA 22968-
IN WITNESS WHEREOF, this Assignment is executed on 12/12/2024
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-EFC4, by NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING, its Attorney-in-Fact, by PHH MORTGAGE CORPORATION SUCCESSOR BY MERGER TO OCWEN LOAN SERVICING, LLC, its Attorney-in-Fact

By _____
GWEN MURAKAMI
Senior Servicing Operations Specialist

Loan Number ███████

STATE OF Florida
COUNTY OF Palm Beach
The foregoing instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization on 12/12/2024 by GWEN MURAKAMI as Senior Servicing Operations Specialist of PHH MORTGAGE CORPORATION SUCCESSOR BY MERGER TO OCWEN LOAN SERVICING, LLC as Attorney-in-Fact for NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING as Attorney-in-Fact for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-EFC4, who, as such Senior Servicing Operations Specialist being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

Madison Hodges
Notary Public - STATE OF Florida
Commission expires: 6 - 9 - 28

Notary Public State of Florida
Madison Hodges
My Commission HH 536680
Expires 6/9/2028

Prepared By:
LAVAR JONES, PHH Mortgage Corporation, a subsidiary of Onity Group Inc., 5720 Premier Park Drive West Palm Beach, FL 33407 800-210-8849

When Recorded Return To:
PHH Mortgage Corporation, C/O Nationwide Title Clearing, LLC 2100 Alt. 19 North , Palm Harbor, FL 34683

INSTRUMENT 240002281
RECORDED IN THE CLERK'S OFFICE OF
GREENE COUNTY CIRCUIT COURT ON
DECEMBER 16, 2024 AT 10:23 AM
ASHBY L. LAMB-GOMEZ, CLERK
RECORDED BY: JSM

# ADJUSTABLE RATE NOTE

### (LIBOR Index - Rate Caps)

MIN

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND
MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN
CHANGE AT ANY ONE TIME AND THE MAXIMUM AND MINIMUM RATE I MUST PAY.**

| August 1, 2005 | Ruckersville | VA |
|---|---|---|
| (Date) | (City) | (State) |

**76 Southridge Drive, Ruckersville, VA  22968**
(Property Address)

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ **274,488.00** (this amount is called
"principal"), plus interest, to the order of the Lender. The Lender is **EquiFirst Corporation .** I will make all
payments under this Note in the form of cash, check or money order. I understand that the Lender may transfer this
Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this
Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest
at a yearly rate of  **5.990** %. The interest rate I will pay may change in accordance with Section 4 of the Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after
any default described in Section 7(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the **1st** day of each month beginning on  **September 1, 2005**

I will make these payments every month until I have paid all of the principal and interest and any other
charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled
due date and will be applied to interest before principal. If on  **August 1, 2035**    , I still owe amounts under this
Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
**EquiFirst Corporation , 500 Forest Point Circle , Charlotte, NC 28273**
or at a different place if required by the Note Holder.

### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ **1,370.16** .
This amount may change.

### (C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest
rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly
payment in accordance with Section 4 of this Note.

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may change on August 1, 2007, and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

### (B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index".

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding **4.280** percentage points ( **4.280** %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than **8.990%** or less than **5.990** % . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.000%) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than **11.990%** or less than the initial interest rate provided for in Section 2 of this Note.

### (E) Effective Date of Change

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER RIGHT TO PREPAY

**(A) Prepayment**      I have the right to make payments at any time before they are due. A payment of principal only is known as a "prepayment". When I make a prepayment, I will tell the Note Holder in writing I am doing so. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

**(B) Prepayment Penalty**

If I prepay this loan in full within  2 year(s) from the date of this loan, I agree to pay a prepayment penalty in an amount equal to 2.00% of the balance of the loan outstanding on the date of prepayment. This amount, known as a prepayment penalty, will be in addition to any other amounts I may owe under the provisions of the Note or the Security Instrument that secures the Note. If I make a prepayment in full on or after the 2nd anniversary date of the Note, the Note Holder will impose no prepayment penalty.

Initials 

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment of principal and interest. I will pay this late charge but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor and waive the benefit of the homestead exemption as to the Property described in the Security Instrument (as defined below).. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

EF815VA

Initials

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.**If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred), without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**"WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED"**

_____ (Seal)
Michael J Rawlings                    -Borrower

Social Security Number _____

_____ (Seal)
Katie Rawlings                        -Borrower

Social Security Number _____

_____ (Seal)
                                      -Borrower

Social Security Number

_____ (Seal)
                                      -Borrower

Social Security Number

_____ (Seal)
                                      -Borrower

Social Security Number

_____ (Seal)
                                      -Borrower

Social Security Number

This is to verify that this is the Note described in and secured by a Deed of Trust dated August 1, 2005 , on the Property located in Ruckersville, Virginia.

My Commission Expires: 9-30-2007

                                      _____
                                      Notary Public

EF815N

Initials _____  KK

# Note Endorsements

Borrower(s): Michael J Rawlings & Katie Rawlings
Property Address: 76 Southridge Drive, Ruckersville, VA  22968

PAY TO THE ORDER OF
U.S. Bank National Association as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

By _Judy Faber_

Judy Faber, Vice President

Without Recourse, Pay to the Order of:

RESIDENTIAL FUNDING CORPORATION

**EquiFirst Corporation**

By: _____

**Steve Neu**

Assistant Vice President

Loan 

## ALLONGE TO NOTE

This endorsement is a permanent part of the Note in the amount of **$274,488.00**

**NOTE DATE: 08/01/2005**

**BORROWER NAME: MICHAEL J RAWLINGS**
**                 KATIE  RAWLINGS**

**PROPERTY: 76 SOUTHRIDGE DRIVE, RUCKERSVILLE, VA 22968**

**PAY TO THE ORDER OF:**
**U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS**
**SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE**
**FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-**
**BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-EFC4**

**WITHOUT RECOURSE:**
**U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE**

**Signer:** Michael G. Patiuk
**Title:** Vice President

Loan █████████

## ALLONGE TO NOTE

This endorsement is a permanent part of the Note in the amount of  $274,488.00

NOTE DATE:  08/01/2005

BORROWER NAME:  MICHAEL J RAWLINGS
                KATIE  RAWLINGS

PROPERTY:  76  SOUTHRIDGE DRIVE, RUCKERSVILLE, VA 22968

JUL 15 2024

VOID

PAY TO THE ORDER OF:
U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE, AS
SUCCESSOR-IN-INTEREST TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-
BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-EFC4

WITHOUT RECOURSE:
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET
MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2005-EFC4 BY ITS ATTORNEY IN FACT NEWREZ LLC
F/K/A NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING
BY ITS ATTORNEY-IN-FACT PHH MORTGAGE CORPORATION SUCCESSOR BY
MERGER TO OCWEN LOAN SERVICING, LLC

Signer:  Jasmine Jones
Title:    Servicing Operations Specialist

Loan ██████████

## ALLONGE TO NOTE

This endorsement is a permanent part of the Note, in the amount of **$274,488.00**

NOTE DATE:              **8/1/2005**

BORROWER NAME:    **MICHAEL J RAWLINGS AND KATIE RAWLINGS**

PROPERTY:              **76 SOUTHRIDGE DRIVE**
                             **RUCKERSVILLE, VA 22968**

PAY TO THE ORDER OF: ~~VOID~~ JUL 15

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-EFC4.**

WITHOUT RECOURSE

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE BY OCWEN LOAN SERVICING, LLC ITS ATTORNEY IN FACT.**

*Melissa Lezama*

Signor:Melissa Lezama
Title:Authorized Signor

## ADJUSTABLE RATE NOTE ADDENDUM
## FOR THE INTEREST ONLY PAYMENT PERIOD

**THIS ADDENDUM TO THE ADJUSTABLE RATE NOTE PROVIDES FOR AN INITIAL PERIOD OF MONTHLY PAYMENTS OF INTEREST ONLY AND FOR SUBSEQUENT MONTHLY PAYMENTS OF BOTH PRINCIPAL AND INTEREST.**

This Adjustable Rate Note Addendum is made this **1st** day of **August , 2005,** and is incorporated into and shall be deemed to amend the Adjustable Rate Note of the same date (the "Note") and any Addenda to the Note given by the undersigned (the "Borrower") to evidence Borrower's indebtedness to **EquiFirst Corporation** (the "Lender"), which indebtedness is secured by a Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date and covering the property described in the Security Instrument located at:

**76 Southridge Drive, Ruckersville, VA  22968**
(Property Address)

ADDITIONAL COVENANTS:  Unless specifically defined in this Addendum, any capitalized terms shall have the same meaning as in the Note.  Notwithstanding anything to the contrary set forth in the Note, Addenda to the Note or Security Instrument, Borrower and Lender further covenant and agree as follows:

**I.**    Section 3 and 4 of the Note are modified to provide for sixty (60) monthly payments of interest only ("Interest Only Period") at the interest rate determined in accordance with Sections 2 and 4 of the Note.  Sections 3 and 4 of the Note are modified as follows:

### 3. PAYMENTS
#### (A) Time and Place of Payments
I will pay interest during the Interest Only Period, and principal and interest thereafter during the Amortization Period, by making a payment every month.

**Interest Only Period:**  The "Interest Only Period" is the period from the date of the Note through **08/01/2010.**

**Amortization Period:**  The "Amortization Period" is the period after the Interest Only Period and continuing until the Maturity Date.

I will make my monthly payments on the **1st** day of each month beginning on **September 1, 2005.** I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note.  Each monthly payment will be applied as of its scheduled due date and will be applied to scheduled interest and principal. If on  **August 1, 2035,**  I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at
**EquiFirst Corporation , 500 Forest Point Circle , Charlotte, NC 28273**
or at a different place if required by the Note Holder.

#### (B) Amount of My Interest Only Payments
The first **24** monthly payments will be in the full amount of U.S. $  **1,370.16,** which equals one twelfth (1/12th) of the amount of yearly interest due on the principal at the time the loan was made. These payments are called the "Interest Only Payments".  No payments of principal are due during the Interest Only Period.  The Interest Only Payments will not reduce the principal amount of this Note. Additional Payments of principal may be made in accordance with the provisions of this Note.

#### (C) Monthly Payment Changes
During the Interest Only Period, changes in my monthly payment will reflect changes in the interest rate that I must pay.   During the Amortization Period, changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay.  The Note Holder will determine my new interest rate and the changed amount of my monthly  payment in accordance with Section 4 of this Note.

EF9691 (3/04)

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may change on **August 1, 2007**, and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

### (B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index".

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding **4.280** percentage points ( **4.280** %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

For the Interest Only Period, after calculating my new interest rate as provided above, the Note Holder will then calculate the amount of the monthly payment to be one-twelfth (1/12th) of one (1) year's interest at the new interest rate. The result of this calculation will be the new amount of my monthly payment until the next Interest Rate Change Date.

During the Amortization Period, after calculating my new interest rate as provided above, the Note Holder will then calculate the amount of the monthly payment that would be sufficient to fully repay the remaining unpaid principal in substantially equal monthly payments by the Maturity Date, assuming, for purposes of each calculation, that the interest rate remained unchanged during that period. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than **8.990%** or less than **5.990** % . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.000%) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than **11.990%** or less than the initial interest rate provided for in Section 2 of this Note.

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my Interest Rate and the amount of my monthly payment before the effective date of any changes. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

II.   All other provisions of the Note and any Addenda are unchanged by this Addendum to Adjustable Rate Note and remain in full force and effect.

**I understand that for the Interest Only Period I will not be reducing the principal balance. After Five (5) years if I only made my minimum payment, my principal balance will not be reduced.**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and conditions contained in the Adjustable Rate Note Addendum.

Michael J Rawlings

Katie Rawlings

# ADJUSTABLE RATE  INTEREST RATE FLOOR &

## PREPAYMENT PENALTY Addendum to Note

This ADJUSTABLE INTEREST RATE FLOOR & PREPAYMENT PENALTY ADDENDUM is made this 1st  day of August, 2005, and amends the Note in the amount of U.S. $ 274,488.00 dated the same date and given by the person(s) who signs below (the "Borrower(s)") to EquiFirst Corporation (the "Lender").

In addition to the agreements and provisions made in the Note and the Security Instrument, and notwithstanding any provisions to the contrary contained in said Note or the Security Instrument, both the Borrower(s) and the Lender further agree as follows:

### ADJUSTABLE INTEREST RATE FLOOR

This loan has an Interest Rate "Floor" which will limit the amount the Interest Rate can decrease.  Regardless of any changes in the index, the Interest Rate during the term of this loan will never be less than the initial Interest Rate provided for in Section 2 of the Note.

### PREPAYMENT PENALTY

If I prepay this loan in full within  2 year(s) from the date of this loan, I agree to pay a prepayment penalty in an amount equal to 2.00% of the balance of the loan outstanding on the date of prepayment. This amount, known as a prepayment penalty, will be in addition to any other amounts I may owe under the provisions of the Note or the Security Instrument that secures the Note.  If I make a prepayment in full on or after the 2nd anniversary date of the Note, the Note Holder will impose no prepayment penalty.

_____
**Michael J. Rawlings**

_____
**Katie Rawlings**

_____

_____

_____

_____

_____

_____

Investor Loan ████
Custodian ID ████
This document was prepared by Ocwen Loan Servicing, LLC

**After Recording Return To:**
Ocwen Loan Servicing, LLC
Attention: Modification Processing
PO Box 24737
West Palm Beach, FL 33416-9838

_____[Space Above This Line For Recording Data]____

## HOME AFFORDABLE MODIFICATION AGREEMENT

**BALLOON PAYMENT DISCLOSURE: THIS MODIFICATION AGREEMENT INCLUDES A BALLOON PAYMENT, WHICH MEANS THAT EVEN IF YOU MAKES ALL THE SCHEDULED PAYMENTS WHEN DUE, THE LOAN WILL NOT BE PAID IN FULL AT THE END OF ITS TERM. AS A RESULT, ON THE MATURITY DATE OUTLINED WITHIN THIS AGREEMENT, YOU WILL BE REQUIRED TO REPAY, IN A SINGLE PAYMENT, THE ENTIRE REMAINING PRINCIPAL BALANCE PLUS ALL ACCRUED BUT UNPAID INTEREST AND ALL OTHER AMOUNTS OWING ON THAT DATE (INCLUDING BUT NOT LIMITED TO ALL ADVANCES MADE BY LOAN SERVICER UNDER THE TERMS OF THE SECURITY INSTRUMENT).**

*CAUTION TO BORROWER: NO OBLIGATION TO REFINANCE* – **LOAN SERVICER HAS NO OBLIGATION TO REFINANCE THIS LOAN OR MAKE YOU A NEW LOAN ON THE MATURITY DATE. IF YOU DO NOT HAVE THE FUNDS TO PAY THE BALLOON PAYMENT WHEN IT COMES DUE, YOU MAY HAVE TO OBTAIN A NEW LOAN AGAINST THE PROPERTY TO MAKE THE BALLOON PAYMENT. ASSUMING ANOTHER LENDER MAKES YOU A NEW LOAN ON THE MATURITY DATE, YOU WILL PROBABLY BE CHARGED INTEREST AT THE MARKET RATE PREVAILING AT THAT TIME. SUCH INTEREST RATE MAY BE HIGHER THAN THE INTEREST RATE PAID ON THIS LOAN. YOU MAY AGAIN HAVE TO PAY COMMISSIONS, FEES AND EXPENSES FOR THE ARRANGING OF THE NEW LOAN. IN ADDITION, IF YOU ARE UNABLE TO MAKE THE MONTHLY PAYMENTS OR THE BALLOON PAYMENT, YOU MAY LOSE THE PROPERTY AND ALL OF THE EQUITY THROUGH FORECLOSURE. KEEP THIS IN MIND IN DECIDING WHETHER TO AGREE TO THE TERMS OF THIS LOAN MODIFICATION.**

Borrower ("I"): Michael J Rawlings and Katie Rawlings

Lender/Servicer or Agent for Lender/Servicer ("Lender"): Ocwen Loan Servicing, LLC
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): 8/1/2005
Loan Number: ████

Property Address ("Property"): 76 Southridge Dr Ruckersville, VA 22968-3681

If my representations in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, in the real property records of Greene County, VA. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 76 Southridge Dr Ruckersville, VA 22968-3681, which real property is more particularly described as follows.

The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents". Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.
**(Legal Description – Attached as Exhibit If Recording Agreement)**



This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.  **My Representations**. I certify, represent to Lender and agree:

    A.  I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future. However, I believe that I can presently afford to make the modified mortgage payments shown below.

    B.  (i) The property has not been condemned; (ii) one of the borrowers signing this Agreement lives in the Property as a principal residence, or the Property is a rental property; and (iii) if the Property is a rental property, the certifications I have made concerning my intended use of the Property and the number of single-family properties that I own continue to be true and correct on the date hereof;

    C.  There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

    D.  I have provided to Lender a Streamline HAMP Affidavit which attests to my qualification for the Home Affordable Modification Program ('Program').

    E.  Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct and

    F.  If Lender requires me to obtain credit counseling in connection with the Program, I will do so and

    G.  I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

    H.  If I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents. Based on this representation, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

2.  **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

    A.  Time is of the essence under this Agreement.

    B.  If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents and

    C.  I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.  **The Modification**. If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 03/01/2017 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The Loan Documents will be modified and the first modified payment will be due on 03/01/2017.

    A.  The new Maturity Date will be: 9/1/2035. I understand that in order to reach an affordable payment under this modification, my loan may have been re-amortized beyond the maturity date. This means that if all payments are made in accordance with the loan terms, when I reach my maturity date, there will be an outstanding amount still due totaling $160,954.17 'Balloon Payment.' Borrower specifically acknowledges that this is a balloon modification and therefore Borrower will have a balloon payment due at maturity in the approximate amount of $160,954.17 'Balloon Payment'.

**BALLOON PAYMENT:** This mortgage loan contains a balloon payment provision. A balloon payment is a scheduled lump sum usually due at the end of the mortgage loan term that is significantly larger than the other regularly scheduled periodic payments. If you cannot pay the balloon payment when due, you may have to obtain a new loan to make the balloon payment or you may lose your property through foreclosure. Before deciding to take this loan, consider your ability to pay the balloon payment when it comes due. The balloon payment on the mortgage loan you have applied for is due 223 month(s) from the date your mortgage loan begins.

**CAUTION TO BORROWER: IF YOU DO NOT HAVE THE FUNDS TO PAY THE BALLOON PAYMENT WHEN DUE, IT MAY BE NECESSARY FOR YOU TO OBTAIN A NEW LOAN AGAINST YOUR PROPERTY FOR THIS PURPOSE AND YOU MAY BE REQUIRED TO AGAIN PAY COMMISSION AND EXPENSES FOR ARRANGING THE LOAN. KEEP THIS IN MIND IN DECIDING UPON THE AMOUNT AND TERMS OF THE LOAN THAT YOU OBTAIN AT THIS TIME.**

B.   The modified Principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new Principal balance of my Note will be $237,336.40 (the "New Principal Balance"). The "New Principal Balance" may represent the sum of the "Deferred Principal Balance", (if applicable) the "Deferred Principal Reduction" (if applicable) and the "Interest Bearing Principal Balance" which will be $237,336.40. I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C.   Interest at the rate of  3.00000% will begin to accrue on the Interest Bearing Principal Balance as of 02/01/2017 and the first new monthly payment on the Interest Bearing Principal will be due on 03/01/2017.

My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|-------|---------------|---------------------------|-----------------------------------------------|------------------------------------------|-----------------------|-------------------|----------------------------|
| 1-Maturity | 3.00000% | 2/1/2017 | $849.63 | $325.63, adjusts periodically | $1,175.26, adjusts periodically | 3/1/2017 | 223 |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly. The escrow payment amounts shown are based on current data and represent a reasonable estimate of expenditures for future escrow obligations; however, escrow payments may be adjusted periodically in accordance with applicable law.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest to be added to the outstanding principal balance.

D.   I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E.   If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4        **Additional Agreements.** I agree to the following:

A.     That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree which was recorded, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B.     That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.

C.     To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.     Funds for Escrow Items. I will pay to the Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments the Lender requires to be escrowed. These items are called "Escrow Items". I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.D. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its right under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan

Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.D.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay me any interest or earnings on the Funds. Lender and I can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide me, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to me for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify me as required by RESPA, and I shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to me any Funds held by Lender.

E.     That this Agreement constitutes notice that the Servicer's waiver as to payment of Escrow Items, if any, has been

revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

F.    That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

G.    That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

H.    That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if state or federal law, rules or regulations prohibits the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

I.    That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. Except as noted herein, this Agreement may not, under any circumstances, be assigned to, or assumed by, a buyer or transferee of the Property.

J.    That, as of the Modification Effective Date, any provision in the Note, as amended for the assessment of a penalty for full or partial prepayment of the Note is null and void.

K.    That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in the first lien position and/or is fully enforceable upon modification and that if, under any circumstances and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s), and/or subordination agreement(s), then the terms of this Agreement will not become effective on Modification Effective Date and the Agreement will be null and void.

L.    That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

M.    Mortgage Electronic Registration Systems, Inc. (MERS) is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In the cases where the loan has been registered with MERS who has only legal title to the interests granted by the Borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage Loan.

N.    That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosures of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

O.    That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the

Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this section 4.O. shall be referred to as "Documents". I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement. This Agreement may not be supplemented, changed, modified or omitted except by written document executed by both me and Ocwen. This Modification constitutes the entire agreement between me and Ocwen and, supersedes all previous negotiations and discussions between me, Ocwen and/or Ocwen's predecessors in interest, and neither prior evidence nor any prior or other agreement shall be permitted to contradict or vary its terms. There are no promises, terms, conditions, or obligations other than those contained in this Agreement.

P.    That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

## Signature and Authorization Section

☐   If this box is checked, Borrower(s) signature must be notarized.

In Witness Whereof, the Servicer and I have executed this Agreement.

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $160,954.17, TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.**

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.   THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

*All individuals on the title (even if not a borrower on the note) must sign this agreement. If there are more than two title holders to this property, please have them sign below. If no other title holders exist, please leave page 4 blank and return it with the rest of the agreement.

In Witness Whereof, the Servicer and I have executed this Agreement.

_____   01 / 19 / 2017 Date
Michael J Rawlings

State of VA
County of _____ )

On _____ before   me,   _____ personally   appeared
_____, who proved to me on the basis of satisfactory evidence to be the
person(s) whose name is subscribed to the within instrument and acknowledged before me that he/she executed the foregoing instrument in his/her authorized capacity, and that by his/her signature(s) on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of VA that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

Signature _____ (Seal)

Print Name: _____

Commission expiration date____/____/_____

Personally Known_____ OR Produced Identification_____
Type of Identification Produced_____

_____   01 / 19 / 2017 Date
Katie Rawlings

State of VA
County of _____ )

On _____ before   me,   _____ personally   appeared
_____, who proved to me on the basis of satisfactory evidence to be the
person(s) whose name is subscribed to the within instrument and acknowledged before me that he/she executed the foregoing instrument in his/her authorized capacity, and that by his/her signature(s) on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of VA that the foregoing paragraph is true and correct. WITNESS my hand and official seal.

Signature _____ (Seal)

Print Name: _____

Commission expiration date ____/____/_____

Personally Known_____ OR Produced Identification_____
Type of Identification Produced_____

_____       BY _____
Servicer                                          Hubert Paul

Date      FEB 11 2017                         Authorized Officer

If applicable: _____
Mortgage Electronic Registration Systems, Inc. – Nominee for Lender



REPRESENTATION OF PRINTED DOCUMENT

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

September 8, 2021

Account Number: ███████



MICHAEL J RAWLINGS
KATIE RAWLINGS
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

**Property Address:**
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



**Why We Are Sending This Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 08/31/2021 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $1,240.85 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through 08/31/2021.



**What You Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

---

www.MortgageQuestions.com                                                                                          XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

**newrez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

We are here to help! MICHAEL MARK ROSANA has been assigned as the account Relationship Manager and will be the designated representative for inquiries and submission of documents. MICHAEL MARK ROSANA is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned Relationship Manager is unavailable to take the call, the call will be automatically transferred to a different Relationship Manager who will be able to assist. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT



**newrez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

**IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL**

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 09/01/2021

  - Number of monthly payments due on Next Due Date: 1

  - Amount Due on Next Due Date: $1,240.85

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding <u>Principal</u> Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

**newrez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoría de vivienda en todo el país que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprensión de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Línea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal   or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*



REPRESENTATION OF PRINTED DOCUMENT

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

August 6, 2021                                                                              Account Number: ▇▇▇▇▇



MICHAEL J RAWLINGS
KATIE RAWLINGS
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

**Property Address:**
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



### Why We Are Sending This Letter

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 07/31/2021 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $1,240.85 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through 07/31/2021.



### What You Need to Do?

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



### What We Will Do

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

REPRESENTATION OF PRINTED DOCUMENT

# newrez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

We are here to help! MICHAEL MARK ROSANA has been assigned as the account Relationship Manager and will be the designated representative for inquiries and submission of documents. MICHAEL MARK ROSANA is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned Relationship Manager is unavailable to take the call, the call will be automatically transferred to a different Relationship Manager who will be able to assist. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# newrez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 09/01/2021

  - Number of monthly payments due on Next Due Date: 2

  - Amount Due on Next Due Date: $2,481.70

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# newrez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal  or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT



REPRESENTATION OF PRINTED DOCUMENT

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

July 6, 2021                                                                 Account Number: ███████

MICHAEL J RAWLINGS                                          **Property Address:**
KATIE RAWLINGS                                              76 SOUTHRIDGE DR
76 SOUTHRIDGE DR                                            RUCKERSVILLE VA 22968-3681
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



### Why We Are Sending This Letter

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 06/30/2021 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $1,240.85 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through 06/30/2021.



### What You Need to Do?

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



### What We Will Do

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

---

www.MortgageQuestions.com                                                          XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

Page 1

REPRESENTATION OF PRINTED DOCUMENT

**newrez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

We are here to help! MICHAEL MARK ROSANA has been assigned as the account Relationship Manager and will be the designated representative for inquiries and submission of documents. MICHAEL MARK ROSANA is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned Relationship Manager is unavailable to take the call, the call will be automatically transferred to a different Relationship Manager who will be able to assist. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

REPRESENTATION OF PRINTED DOCUMENT

**newrez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 09/01/2021

  - Number of monthly payments due on Next Due Date: 3

  - Amount Due on Next Due Date: $3,722.55

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

**newrez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice. There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE. You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT



REPRESENTATION OF PRINTED DOCUMENT

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

June 4, 2021                                                                 Account Number: ▆▆▆▆▆

MICHAEL J RAWLINGS                                            **Property Address:**
KATIE RAWLINGS                                                        76 SOUTHRIDGE DR
76 SOUTHRIDGE DR                                          RUCKERSVILLE VA 22968-3681
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),



**Why We Are
Sending This
Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 05/31/2021 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $1,240.85 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through 05/31/2021.



**What You
Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).



**What We
Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

**Before the end of the Forbearance Plan, we will contact you** and if you are still experiencing a hardship at that time, we can discuss additional options which may include any available forbearance extensions, repayment plan, a payment deferral or other loan modification options.

---

www.MortgageQuestions.com                                                         XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

REPRESENTATION OF PRINTED DOCUMENT

**newrez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474. Information can also be found online at www.MortgageQuestions.com.

We are here to help! MICHAEL MARK ROSANA has been assigned as the account Relationship Manager and will be the designated representative for inquiries and submission of documents. MICHAEL MARK ROSANA is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned Relationship Manager is unavailable to take the call, the call will be automatically transferred to a different Relationship Manager who will be able to assist. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*



REPRESENTATION OF PRINTED DOCUMENT

**newrez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

### IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 06/01/2021

  - Number of monthly payments due on Next Due Date: 1

  - Amount Due on Next Due Date: $1,240.85

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept **voluntary** payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding <u>Principal</u> Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*



REPRESENTATION OF PRINTED DOCUMENT

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal  or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

May 5, 2021                                                                                          Account Number: ███████

███████████████
███████████████
MICHAEL J RAWLINGS                                                        **Property Address:**
KATIE RAWLINGS                                                               76 SOUTHRIDGE DR
76 SOUTHRIDGE DR                                                      RUCKERSVILLE VA 22968-3681
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),

### ? Why We Are Sending This Letter

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 04/30/2021 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $1,240.85 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through 04/30/2021.

### ✓ What You Need to Do?

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.**  If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).

---

www.MortgageQuestions.com                                                                          XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT



C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

Before the end of the Forbearance Plan, we will contact you to discuss the status of your financial hardship and any mortgage assistance options that may be needed and available at that time.

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474.  We are experiencing high volumes and apologize in advance if wait times are longer than usual. Information can also be found online at www.MortgageQuestions.com.

We are here to help! MICHAEL MARK ROSANA has been assigned as the account Relationship Manager and will be the designated representative for inquiries and submission of documents. MICHAEL MARK ROSANA is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned Relationship Manager is unavailable to take the call, the call will be automatically transferred to a different Relationship Manager who will be able to assist. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

---

XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez



C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

**IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL**

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 06/01/2021

  - Number of monthly payments due on Next Due Date: 2

  - Amount Due on Next Due Date: $2,481.70

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept voluntary payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

REPRESENTATION OF PRINTED DOCUMENT



**NewRez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

---

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal   or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

April 6, 2021                                                                                      Account Number: ███████

███████████████████████████

MICHAEL J RAWLINGS
KATIE RAWLINGS
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

**Property Address:**
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),

**(?)**

**Why We Are Sending This Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 03/31/2021 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $1,240.85 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through 03/31/2021.

**(✓)**

**What You Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.**  If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).

---

www.MortgageQuestions.com                                                                        XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

Before the end of the Forbearance Plan, we will contact you to discuss the status of your financial hardship and any mortgage assistance options that may be needed and available at that time.

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474.  We are experiencing high volumes and apologize in advance if wait times are longer than usual. Information can also be found online at www.MortgageQuestions.com.

We are here to help! MICHAEL MARK ROSANA has been assigned as the account Relationship Manager and will be the designated representative for inquiries and submission of documents. MICHAEL MARK ROSANA is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned Relationship Manager is unavailable to take the call, the call will be automatically transferred to a different Relationship Manager who will be able to assist. Depending on the status of the account, specific information may also be available online at www.MortgageQuestions.com.

Sincerely,
Loan Servicing

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.

INTERNET REPRINT



REPRESENTATION OF PRINTED DOCUMENT

**NewRez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

### IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 06/01/2021

  - Number of monthly payments due on Next Due Date: 3

  - Amount Due on Next Due Date: $3,722.55

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept voluntary payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

www.MortgageQuestions.com                                                                                      XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

Page 3

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal  or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

March 5, 2021                                                                 Account Number: ▮▮▮▮▮

MICHAEL J RAWLINGS
KATIE RAWLINGS
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

**Property Address:**
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),

### Why We Are Sending This Letter

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 02/28/2021 are no longer due at the end of the Forbearance Plan. Instead, this amount of $1,240.85 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through 02/28/2021.

### What You Need to Do?

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).

---

www.MortgageQuestions.com                                                                 XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

Before the end of the Forbearance Plan, we will contact you to discuss the status of your financial hardship and any mortgage assistance options that may be needed and available at that time.

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474.  We are experiencing high volumes and apologize in advance if wait times are longer than usual. Information can also be found online at www.MortgageQuestions.com.

We are here to help! MICHAEL MARK ROSANA has been assigned as the account Relationship Manager and will be the designated representative for inquiries and submission of documents. MICHAEL MARK ROSANA is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned Relationship Manager is unavailable to take the call, the call will be automatically transferred to a different Relationship Manager who will be able to assist. You can also visit our website www.MortgageQuestions.com.

Sincerely,
Loan Servicing

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*



REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

**IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL**

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 03/01/2021

  - Number of monthly payments due on Next Due Date: 1

  - Amount Due on Next Due Date: $1,240.85

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept voluntary payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

REPRESENTATION OF PRINTED DOCUMENT



# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal  or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

February 9, 2021

Account Number: █████████

█████████████████████████
█████████████████████████

MICHAEL J RAWLINGS
KATIE RAWLINGS
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

**Property Address:**
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),

**(?) Why We Are Sending This Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 01/31/2021 are no longer due at the end of the Forbearance Plan. Instead, this amount of $1,240.85 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through 01/31/2021.

**What You Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).

www.MortgageQuestions.com

XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT



# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

Before the end of the Forbearance Plan, we will contact you to discuss the status of your financial hardship and any mortgage assistance options that may be needed and available at that time.

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474.  We are experiencing high volumes and apologize in advance if wait times are longer than usual. Information can also be found online at www.MortgageQuestions.com.

We are here to help! MICHAEL MARK  ROSANA has been assigned as the account Relationship Manager and will be the designated representative for inquiries and submission of documents. MICHAEL MARK  ROSANA is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned Relationship Manager is unavailable to take the call, the call will be automatically transferred to a different Relationship Manager who will be able to assist. You can also visit our website www.MortgageQuestions.com.

Sincerely,
Loan Servicing

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT



REPRESENTATION OF PRINTED DOCUMENT

**NewRez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

### IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 03/01/2021

  - Number of monthly payments due on Next Due Date: 2

  - Amount Due on Next Due Date: $2,481.70

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept voluntary payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT



**NewRez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

---

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal   or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

January 7, 2021                                                    Account Number: ▮▮▮▮▮▮

MICHAEL J RAWLINGS
KATIE RAWLINGS
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

**Property Address:**
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),

**(?) Why We Are Sending This Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 12/31/2020 are no longer due at the end of the Forbearance Plan. Instead, this amount of $1,240.85 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through 12/31/2020.

**(✓) What You Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).

---

www.MortgageQuestions.com                                                          XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

Before the end of the Forbearance Plan, we will contact you to discuss the status of your financial hardship and any mortgage assistance options that may be needed and available at that time.

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474.  We are experiencing high volumes and apologize in advance if wait times are longer than usual. Information can also be found online at www.MortgageQuestions.com.

We are here to help! HARDIK PANDYA has been assigned as the account Relationship Manager and will be the designated representative for inquiries and submission of documents. HARDIK PANDYA is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned Relationship Manager is unavailable to take the call, the call will be automatically transferred to a different Relationship Manager who will be able to assist. You can also visit our website www.MortgageQuestions.com.

Sincerely,
Loan Servicing

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT



**NewRez**

REPRESENTATION OF PRINTED DOCUMENT

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

**IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL**



- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 03/01/2021
  - Number of monthly payments due on Next Due Date: 3
  - Amount Due on Next Due Date: $3,722.55
  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume
  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept voluntary payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."
  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).
  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding <u>Principal</u> Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.
  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

www.MortgageQuestions.com                                                                                          XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

Page 3

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

**HUD Counseling**

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice. There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE. You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**HUD Consejeria**

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal  or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

**Requests for Information and Notices of Error, including Qualified Written Requests**

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

December 8, 2020                                                                Account Number: ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

MICHAEL J RAWLINGS                                             **Property Address:**
KATIE RAWLINGS                                                 76 SOUTHRIDGE DR
76 SOUTHRIDGE DR                                               RUCKERSVILLE VA 22968-3681
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),

### Why We Are Sending This Letter

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 11/30/2020 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $1,240.85 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through 11/30/2020.

### What You Need to Do?

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.**  If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).

---

www.MortgageQuestions.com                                                              XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT



REPRESENTATION OF PRINTED DOCUMENT

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

Before the end of the Forbearance Plan, we will contact you to discuss the status of your financial hardship and any mortgage assistance options that may be needed and available at that time.

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474.  We are experiencing high volumes and apologize in advance if wait times are longer than usual. Information can also be found online at www.MortgageQuestions.com.

We are here to help! HARDIK PANDYA has been assigned as the account Relationship Manager and will be the designated representative for inquiries and submission of documents. HARDIK PANDYA is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned Relationship Manager is unavailable to take the call, the call will be automatically transferred to a different Relationship Manager who will be able to assist. You can also visit our website www.MortgageQuestions.com.

Sincerely,
Loan Servicing

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT



# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

**IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL**

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 12/01/2020
  - Number of monthly payments due on Next Due Date: 1
  - Amount Due on Next Due Date: $1,240.85
  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume
  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept voluntary payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."
  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).
  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding <u>Principal</u> Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.
  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT



**NewRez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

---

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal  or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

November 6, 2020                                                                                    Account Number: ▮▮▮▮▮

MICHAEL J RAWLINGS
KATIE RAWLINGS
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

**Property Address:**
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),

**Why We Are Sending This Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before 10/31/2020 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $1,240.85 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through 10/31/2020.

**What You Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.**  If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).

www.MortgageQuestions.com                                                                                    XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT



C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

REPRESENTATION OF PRINTED DOCUMENT



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

Before the end of the Forbearance Plan, we will contact you to discuss the status of your financial hardship and any mortgage assistance options that may be needed and available at that time.

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474.  We are experiencing high volumes and apologize in advance if wait times are longer than usual. Information can also be found online at www.MortgageQuestions.com.

We are here to help! HARDIK PANDYA has been assigned as the account Relationship Manager and will be the designated representative for inquiries and submission of documents. HARDIK PANDYA is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned Relationship Manager is unavailable to take the call, the call will be automatically transferred to a different Relationship Manager who will be able to assist. You can also visit our website www.MortgageQuestions.com.

Sincerely,
Loan Servicing

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.



REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 12/01/2020

  - Number of monthly payments due on Next Due Date: 2

  - Amount Due on Next Due Date: $2,481.70

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept voluntary payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding <u>Principal</u> Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal  or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

October 7, 2020                                        Account Number: ███████



KATIE RAWLINGS
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

**Property Address:**
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),

### Why We Are Sending This Letter

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before September 30, 2020 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $1,223.89 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through September 30, 2020.

### What You Need to Do?

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.**  If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).

www.MortgageQuestions.com                                        XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

REPRESENTATION OF PRINTED DOCUMENT



C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

Before the end of the Forbearance Plan, we will contact you to discuss the status of your financial hardship and any mortgage assistance options that may be needed and available at that time.

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474.  We are experiencing high volumes and apologize in advance if wait times are longer than usual. Information can also be found online at www.MortgageQuestions.com.

We are here to help! HARDIK PANDYA has been assigned as the account Relationship Manager and will be the designated representative for inquiries and submission of documents. HARDIK PANDYA is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned Relationship Manager is unavailable to take the call, the call will be automatically transferred to a different Relationship Manager who will be able to assist. You can also visit our website www.MortgageQuestions.com.

Sincerely,
Loan Servicing

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT



**NewRez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

**IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL**



- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 12/01/2020

  - Number of monthly payments due on Next Due Date: 3

  - Amount Due on Next Due Date: $3,671.67

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept voluntary payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

Page 3

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT



**NewRez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal  or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

September 3, 2020                                                                                      Account Number: ██████

██████████████████████████

MICHAEL J RAWLINGS                                                   **Property Address:**
KATIE RAWLINGS                                                        76 SOUTHRIDGE DR
76 SOUTHRIDGE DR                                                 RUCKERSVILLE VA 22968-3681
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),

**Why We Are
Sending This
Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before August 31, 2020 are no longer due at the end of the Forbearance Plan. Instead, this amount of $1,223.89 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through August 31, 2020.

**What You Need
to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).

www.MortgageQuestions.com                                                                      XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

Before the end of the Forbearance Plan, we will contact you to discuss the status of your financial hardship and any mortgage assistance options that may be needed and available at that time.

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474.  We are experiencing high volumes and apologize in advance if wait times are longer than usual. Information can also be found online at www.MortgageQuestions.com.

We are here to help! HARDIK PANDYA has been assigned as the account Relationship Manager and will be the designated representative for inquiries and submission of documents. HARDIK PANDYA is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned Relationship Manager is unavailable to take the call, the call will be automatically transferred to a different Relationship Manager who will be able to assist. You can also visit our website www.MortgageQuestions.com.

Sincerely,
Loan Servicing

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Due Date: 09/01/2020

  - Number of monthly payments due on Next Due Date: 1

  - Amount Due on Next Due Date: $1,223.89

  - Upon completion of the Forbearance Plan and beginning on the Next Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Due Date described above. However, we will continue to accept voluntary payments before the Next Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment due.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

## NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt Laurel NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

**HUD Counseling**

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**HUD Consejeria**

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoría de vivienda en todo el país que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal  or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

**Requests for Information and Notices of Error, including Qualified Written Requests**

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

August 6, 2020                                                                 Account Number: ▮▮▮▮▮▮▮

MICHAEL J RAWLINGS                                           **Property Address:**
KATIE RAWLINGS                                                76 SOUTHRIDGE DR
76 SOUTHRIDGE DR                                         RUCKERSVILLE VA 22968-3681
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),

**(?) Why We Are Sending This Letter**

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before July 31, 2020 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $1,223.89 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through July 31, 2020.

**(✓) What You Need to Do?**

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.** If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).

---

www.MortgageQuestions.com                                                                XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

Before the end of the Forbearance Plan, we will contact you to discuss the status of your financial hardship and any mortgage assistance options that may be needed and available at that time.

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474.  We are experiencing high volumes and apologize in advance if wait times are longer than usual. Information can also be found online at www.MortgageQuestions.com.

We are here to help! HARDIK PANDYA has been assigned as the account Relationship Manager and will be the designated representative for inquiries and submission of documents. HARDIK PANDYA is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned Relationship Manager is unavailable to take the call, the call will be automatically transferred to a different Relationship Manager who will be able to assist. You can also visit our website www.MortgageQuestions.com.

Sincerely,
Loan Servicing

XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

**NewRez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

**IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL**



- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Payment Due Date: 09/01/2020

  - Number of monthly payments due on Next Payment Due  Date: 2

  - Amount Due on Next Payment Due Date: $2,447.78

  - Upon completion of the Forbearance Plan and beginning on the Next Payment Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Payment Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Payment Due Date described above. However, we will continue to accept voluntary payments before the Next Payment Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment amounts that have not yet been forborne.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding <u>Principal</u> Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

 **NewRez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice. There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE. You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

July 9, 2020                                                                          Account Number: ███████

███████████████████████

MICHAEL J RAWLINGS
KATIE RAWLINGS
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

**Property Address:**
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),

### ?
### Why We Are Sending This Letter

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before June 30, 2020 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $1223.89 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through June 30, 2020.

### ✓
### What You Need to Do?

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.**  If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).

---

www.MortgageQuestions.com                                                          XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

**NewRez**

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

Before the end of the Forbearance Plan, we will contact you to discuss the status of your financial hardship and any mortgage assistance options that may be needed and available at that time.

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474.  We are experiencing high volumes and apologize in advance if wait times are longer than usual. Information can also be found online at www.MortgageQuestions.com.

We are here to help! SHREYAS N has been assigned as the account Relationship Manager and will be the designated representative for inquiries and submission of documents. SHREYAS N is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned Relationship Manager is unavailable to take the call, the call will be automatically transferred to a different Relationship Manager who will be able to assist. You can also visit our website www.MortgageQuestions.com.

Sincerely,
Loan Servicing

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT



# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

**IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL**

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Payment Due Date: 09/01/2020

  - Number of monthly payments due on Next Payment Due  Date: 3

  - Amount Due on Next Payment Due Date: $3671.67

  - Upon completion of the Forbearance Plan and beginning on the Next Payment Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Payment Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Payment Due Date described above. However, we will continue to accept voluntary payments before the Next Payment Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment amounts that have not yet been forborne.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding <u>Principal</u> Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

www.MortgageQuestions.com                                                                                    XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

**HUD Counseling**

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**HUD Consejeria**

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal   or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

**Requests for Information and Notices of Error, including Qualified Written Requests**

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

June 8, 2020                                                                                        Account Number: ███████

███████████████████████████

MICHAEL J RAWLINGS
KATIE RAWLINGS
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

**Property Address:**
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),

### Why We Are Sending This Letter

We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before May 31, 2020 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $1223.89 is now due on 09/01/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through May 31, 2020.

### What You Need to Do?

**No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.**  If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms).

---

www.MortgageQuestions.com                                                                XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

Page 1

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

Before the end of the Forbearance Plan, we will contact you to discuss the status of your financial hardship and any mortgage assistance options that may be needed and available at that time.

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474.  We are experiencing high volumes and apologize in advance if wait times are longer than usual. Information can also be found online at www.MortgageQuestions.com.

We are here to help! SHREYAS N has been assigned as the account Case Manager and will be the designated representative for inquiries and submission of documents. SHREYAS N is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned case manager is unavailable to take the call, the call will be automatically transferred to a different Case Manager who will be able to assist. You can also visit our website www.MortgageQuestions.com.

Sincerely,
Loan Servicing

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL

- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Payment Due Date: 06/01/2020

  - Number of monthly payments due on Next Payment Due  Date: 0

  - Amount Due on Next Payment Due Date: $0

  - Upon completion of the Forbearance Plan and beginning on the Next Payment Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Payment Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Payment Due Date described above. However, we will continue to accept voluntary payments before the Next Payment Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment amounts that have not yet been forborne.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding Principal Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

**HUD Counseling**

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**HUD Consejeria**

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

**Attention Servicemembers and Dependents**

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA). If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal   or call 1-800-342-9647 to find out more information. You can also contact us at 1-888-820-6474 if you have any questions about your rights under SCRA.

**Requests for Information and Notices of Error, including Qualified Written Requests**

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

May 6, 2020                                                                Account Number: ███████

MICHAEL J RAWLINGS
KATIE RAWLINGS
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

**Property Address:**
76 SOUTHRIDGE DR
RUCKERSVILLE VA 22968-3681

## NOTIFICATION OF PAYMENT DEFERRAL

Dear Customer(s),

|  | |
|---|---|
| (?) **Why We Are Sending This Letter** | We previously approved this account for a **Temporary Hardship Forbearance Plan ("Forbearance Plan")** due to a financial hardship related to COVID-19.

We are pleased to inform you that this account has also been approved for a **Payment Deferral** in order to provide additional time to make payments given these challenging times.

In accordance with the terms of this **Payment Deferral:**

- All unpaid monthly payments that were originally due on or before April 30, 2020 are no longer due at the end of the Forbearance Plan.  Instead, this amount of $2447.78 is now due on 9/1/2035 or upon loan payoff, whichever comes first**.**

- This account is now current through April 30, 2020. |
| (✓) **What You Need to Do?** | **No further action is required to accept this Payment Deferral or to continue on the Forbearance Plan.**  If you wish to decline this payment deferral, please call us to discuss your situation.

This notice changes only the due date of the deferred amounts outlined above. All remaining terms of the previously-approved Forbearance Plan remain unchanged (see next page for recap of Forbearance Plan terms). |

---

www.MortgageQuestions.com                                                                XC092

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300



**What We Will Do**

During the term of the Forbearance Plan, we will not assess late fees, nor will we report the account as delinquent to credit bureaus or initiate any foreclosure proceedings.

Before the end of the Forbearance Plan, we will contact you to discuss the status of your financial hardship and any mortgage assistance options that may be needed and available at that time.

We hope that this Payment Deferral helps relieve some of the stress associated with the hardship you are experiencing as a result of COVID-19 and allows you to focus on taking care of yourself and your loved ones. If you have questions, please call us at 1-888-820-6474.  We are experiencing high volumes and apologize in advance if wait times are longer than usual. Information can also be found online at www.MortgageQuestions.com.

We are here to help! SHREYAS N has been assigned as the account Case Manager and will be the designated representative for inquiries and submission of documents. SHREYAS N is available toll-free at 1-888-820-6474 Monday through Friday from 8:00 AM to 9:00 PM ET. If the assigned case manager is unavailable to take the call, the call will be automatically transferred to a different Case Manager who will be able to assist. You can also visit our website www.MortgageQuestions.com.

Sincerely,
Loan Servicing

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

INTERNET REPRINT

REPRESENTATION OF PRINTED DOCUMENT



# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

**IMPORTANT INFORMATION REGARDING THE FORBEARANCE PLAN AND PAYMENT DEFERRAL**



- The remaining monthly payments that were forborne under the Forbearance Plan and not deferred as part of this, or any prior, Payment Deferral will continue to be due as outlined in the Temporary Hardship Forbearance Plan Agreement letter we sent.  Key terms of this plan:

  - Next Payment Due Date: 6/1/2020

  - Number of monthly payments due on Next Payment Due  Date: 2

  - Amount Due on Next Payment Due Date: $2447.78

  - Upon completion of the Forbearance Plan and beginning on the Next Payment Due Date, the obligation to pay the regular monthly mortgage payments will resume

  - All other account terms remain unchanged during the Forbearance Plan

- Please note that the Amount Due on Next Payment Due Date is approximate and may not account for any increase or decrease to the regular monthly mortgage payment during the Forbearance Plan period, such as those resulting from an escrow analysis or an ARM adjustment.

- If the account previously included a deferred balance, this Payment Deferral is in addition to, and does not replace or relieve the obligation to pay, such previously-deferred amounts.  Accordingly, the total deferred balance on the account now includes such previously-deferred amounts, together with those payment(s) being deferred in accordance with the Payment Deferral described herein.

- Any bankruptcy filing during the Forbearance Plan period may void the Forbearance Plan.

- The obligation to pay the monthly mortgage payment will continue to be suspended until the Next Payment Due Date described above. However, we will continue to accept voluntary payments before the Next Payment Due Date and any such payment that is received after the date of this notice will be applied toward the monthly payment amounts that have not yet been forborne.

- Information regarding the next monthly account statement:

  - Because this Payment Deferral defers the obligation to make the payment(s) described herein to a date in the future, the next monthly account statement will reflect that these amounts are no longer "Past Due Payment(s)."

  - These amounts will, instead, be included in the "Deferred Balance" reflected on the monthly account statement (together with any pre-existing deferred amounts).

  - Although the "Deferred Balance" may be displayed as a sub-set of the "Outstanding <u>Principal</u> Balance," the payment(s) being deferred under this Payment Deferral will not accrue additional interest and, in future monthly account statements, we will be adjusting the heading that reads "Outstanding Principal Balance" to "Outstanding Balance" in order to avoid any confusion.

  - For escrowed loans, the monthly account statement will also reflect an "Escrow Deposit" in the "Transaction Activity" section.  Because the obligation to pay the monthly payment(s) described herein (which includes the escrow component of such payment(s)) has been deferred to a date in the future, we have made an advance to the escrow account in order to keep it funded and avoid a shortage as a result of the deferred payment(s), which could have resulted in an increase to the monthly payment after the next escrow analysis.  However, our advancement and deposit of these funds into the escrow account does not in any way waive or release the obligation to pay these amounts in the future when the deferred payment(s) are due.

---

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

REPRESENTATION OF PRINTED DOCUMENT

# NewRez

C/O PHH Mortgage Services | 1 Mortgage Way | Mt. Laurel, NJ 08054 | Tel: 1-888-820-6474 | Fax: 1-856-917-8300

## Other Important Information

HUD Counseling

For additional assistance, the United States Department of Housing and Urban Development ("HUD"), which is a government agency, sponsors housing counseling agencies throughout the country that can provide you advice on foreclosure alternatives, budgetary issues, and even assistance with understanding this notice.  There is no fee for this service. If you would like assistance, you can contact a HUD-approved housing counselor by calling 1-800-569-4287 or you can reach the HOPE Hotline number at 1-888-995-HOPE.  You may also visit the HUD website at http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

HUD Consejeria

Para obtener ayuda adicional, el Departamento de Vivienda y Desarrollo Urbano ("HUD") de Estados Unidos, que es una agencia del gobierno, patrocina agencias de asesoria de vivienda en todo el pais que le puede proporcionar asesoramiento sobre las alternativas de ejecución hipotecaria, las cuestiones presupuestarias, e incluso la asistencia con la comprension de este aviso. No hay que pagar por este servicio. Si desea ayuda, puede ponerse en contacto con un asesor de vivienda aprobado por HUD llamando al 1-800-569-4287 o puede llegar a la Linea Directa de HOPE al 1-888-995-HOPE. También puede visitar el sitio web de HUD en http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm.

Attention Servicemembers and Dependents

Servicemember on "active duty" or "active service", or a spouse or dependent of such a servicemember may be entitled to certain legal protections and debt relief pursuant to the Servicemembers Civil Relief Act (50 USC §§ 3901-4043) (SCRA).  If you are entitled to or have questions as to whether you are entitled to legal protections under the SCRA, please go to www.militaryonesource.mil/legal or call 1-800-342-9647 to find out more information.  You can also contact us at 1-888-820-6474, extension 8 if you have any questions about your rights under SCRA.

Requests for Information and Notices of Error, including Qualified Written Requests

If you wish to request information or assert an error relating to the servicing of your mortgage loan, including any Qualified Written Requests, you must use the address below and include your name, your mortgage loan account number, property address and a statement of either the information you are requesting or the error you believe has occurred.

PHH Mortgage Services
Post Office Box 66002
Lawrenceville, NJ 08648

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally. As may be required by state law, you are hereby notified that a negative credit report reflecting on an accountholder's credit record may be submitted to a credit reporting agency if credit obligation terms are not fulfilled.*

# EXHIBIT

## 2

# *Property Identification Card*

## ◉ **Current**  ○ **Re-Assessed**

| | |
|---|---|
| **Property Address** | **Owner Name/Address** |
| 76 SOUTHRIDGE DRIVE | RAWLINGS MICHAEL J & KATIE |
| | 76 SOUTHRIDGE DRIVE |
| | RUCKERSVILLE, VA 22968 |

**Map ID:** 65D A 29

**Acct No:** 21099-1

**Legal Description:** SOUTHRIDGE SUBD LOT 29 0.69 AC

**Plat Book/Page:** No Plat Book / 3433

**Deed Book/Page:** 947 / 155

**Occupancy:** SFR

**Dwelling Type:** COLONIAL

**Use/Class:** SINGLE FAMILY RES (SUB)     **Acreage:** 0.000

**Year Assessed:** 2023          **Year Built:** 2005          **Land Use:**

**Zoning:** R-1          **Year Remodeled:**          **Total Mineral:** $0

**District:**          **Year Effective:** 2005          **Total Land:** $75,600

**MH/Type:**          **On Site Date:**          **Total Improvements:** $429,700

**Condition:** GOOD          **Review Date:**          **Total Value:** $505,300

```
|---------------- Improvement Description ------------------|          +-----16-----+
     Exterior             Interior             Site                    :        :
CNST-FRAME           NO. ROOMS - 8       STRT-PAVED                     8        :
EXTR-ALUM/VINL       NO. BEDROOMS - 4    TOPO-ROLLING                   :        10
FNDT-CONCRETE-PLAI   NO. BATHS - 2       UTIL-PUB WTR     +OVH---22--------+OVH+2+DK5    :
RFMT-COMP SHGLS      NO. 1/2 BATHS - 1   UTIL-SEP SYS     2------22--------2-6-222---14-----1+
ROOF-GABLE           BAST-NO BASEMENT    UTIL-ELECTR      :        :          :
                     BLTI-GAS LOGS       ZONE-RESIDENTIAL-S  :      :          :
                     BLTI-UTILITIES                       :        12       12
                     FLOR-HARDWOOD                        :        :          :
                     FUEL-ELECTRIC                        :        :SFR       :
                     FUEL-BOTTLED GAS                     +----15-----+-6-+
                     HEAT-HP                           30          :        :
                     PLBG-3FXBTH                          :        :          :
                     PLBG-2FXBTH                          :        :          :
                     WALL-DRY WALL                        :        :          :
                                                          :        22       22
|-------------------- Dwelling Valuation --------------------| :      :          :
     Item             Size        Rate        Value     +--11---+    :          :
SINGLE FAM           2044       107.59      219913              2--7--+   :SFR       G06
GAS LOGS                1      1890.00        1890     2--7--+   :SFR       G06
UTILITIES               1     13500.00       13500          4   PM1      +------21-------+
HEAT PUMP            2665         7.64       20360     +--7--+SFR    5
FIXTURE TH              2      7155.00       14310          3--12----+
FIXTURE TW              1      5265.00        5265   Sec   Type   Str    Description   Area
PORCH OP/M             28        49.30        1380   SFR SINGLE FAM 2.00 N3N4W7N2W11N30E22  2044
OVERHNG/RE             60        96.85        5811        E6E2S12S22S5W12
OVERHNG/RE             12        96.85        1162   PM1 PORCH OP/M 1.00 W7S4E7N4           28
DECK 150              156        20.03        3124   OVH OVERHNG/RE 1.00 N2E22E6E2S2W2W6W22  60
SINGLE FAM            180       113.67       20460   OVH OVERHNG/RE 1.00 N2E6S2W6           12
SINGLE FAM            369       113.67       41944   DK5 DECK 150   1.00 N2W2N8E16S10W14   156
GARAGE AT/            462        37.87       17495   SFR SINGLE FAM 1.00 N12E14E1S12W15    180
   Grade Factor     ( B+10)                   1.42   SFR SINGLE FAM  .80 N22E15E6S22W21    369
Replacement Cost New               520572   G06 GARAGE AT/ 1.00 N22W6W15S22E21    462
   Phys Depr. %      (.100 )  2005  - GOOD    52057  Total Square Feet              3311
   Econ Depr. %      (.100 )                  46852
Total Bldg. Value                            421700         Cur. Value   Prev. Value   %Inc.
                                                     Land          75600      75600
|--------------- Other Improvements Valuation --------------|Improvements  429700    325600
   Desc    Length  Width  Size Grade  Rate  FV/Pct Value  Total         505300    401200
FENCE PRE                                        6000  Average Price Per Acre
ASPHALT                                          2000  Sale Date/Amount   8/02/2005      343111
Total Imp Value                                  8000

|-------------------- Land Valuation ----------------------|
M Cls   Desc   G  Size  Dpth    Rate     FV/Pct  Value
L  48 LOT VALUE O    1           70000.00    .08  75600
   Total Land Value                              75600
|----------------------------------------------------------|
   Total Property Value                         505300
```